IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DANIEL ROBERT HOLT,

        Plaintiff,

v.                                     CIVIL ACTION NO. 2:17-cv-01913

WEST VIRGINIA REGIONAL
JAIL AUTHORITY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Robert Holt ("Mr. Holt") brings this action against Defendants West Virginia Regional Jail & Correctional Facility Authority, David A. Farmer, individually and in his official capacity as Executive Director of WVRJCFA, Timothy King, individually and in his official capacity as Administrator of the Western Regional Jail, Anthony K. Leonard, individually and in his official capacity as Administrator of the South Central Regional Jail, Hansford L. Slater, individually and in his official capacity as acting Administrator of the South Western Regional Jail, (collectively "WVRJCFA"), and Primecare Medical of West Virginia, Inc. ("Primecare") alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, specifically alleging improper medical treatment of his left shoulder. Pending before the Court are motions to dismiss filed by Primecare, (ECF No. 6), and WVRJCFA, (ECF No. 12), and Plaintiff's motion for leave to file amended complaint, (ECF No. 21). For the reasons discussed below, the Court **GRANTS**

1

Primecare's motion to dismiss, **GRANTS IN PART AND DENIES IN PART** WVRJCFA's motion to dismiss, and **GRANTS** Plaintiff's motion for leave to amend.

## I.   BACKGROUND

This case arises out of Mr. Holt's medical care that he received while he was under the custody, care, and control of the West Virginia Regional Jail and Correctional Facility Authority. Mr. Holt alleges that, on or about March 15, 2015, he dislocated his left shoulder while he was incarcerated at the Western Regional Jail, which is maintained and operated by the West Virginia Regional Jail & Correction Facility Authority. (ECF No. 17 at 2.) Employees of Primecare then saw Mr. Holt and had x-rays taken of his shoulder. (*Id*.) Mr. Holt alleges that his shoulder remained dislocated for several weeks before he was taken to the ER at a local hospital. (*Id*.) During his wait, Mr. Holt states that other detainees assaulted him. Mr. Holt claims that he continued to suffer multiple dislocations and was treated at St. Mary's Medical Center, Cabell-Huntington Hospital, and Scott Orthopedic. (*Id*.) Mr. Holt asserts that he was dismissed from Scott Orthopedic for refusing to remove his sling to take a shower before surgery, requiring him to have surgery on his shoulder at Teays Valley Orthopedic. (*Id*.)

On or around July 10, 2016, Mr. Holt states that he became incarcerated at South Central Regional Jail where he suffered multiple dislocations of his left shoulder, prompting him to visit Teays Valley Orthopedic again. (*Id*. at 3.) Mr. Holt received surgery for his shoulder on September 2, 2016 after his term at South Central Regional Jail. (*Id*.)

Mr. Holt was again incarcerated at South Central Regional Jail on or about October 4, 2016 where he allegedly was denied proper care for his shoulder, which prompted him to file an internal grievance with the jail. (*Id.*) On or around November 4, 2016, Mr. Holt was transferred to South

2

Western Regional Jail. (*Id*.) During his time at South Western, he suffered more dislocations of his shoulder on November 8 and November 11 of 2016, which required treatment at Logan General Hospital. (*Id*.) He again suffered a third dislocation on November 13, 2016, which the medical staff allegedly refused to treat, stating that he needed to see a surgeon. (*Id*. at 4.) Mr. Holt alleges that he was stuck at South Western Regional Jail with severe pain until his arm turned purple, which required him to be transported back to Logan General Hospital on November 14, 2016 to have his arm re-set, but the medical staff was unable to re-set it due to the pain. (*Id*.) Mr. Holt was then returned to South Western Regional Jail where he allegedly remained for 23 days in severe pain until the Circuit Court of Kanawha County, West Virginia issued an order compelling the West Virginia Regional Jail Authority to transfer him to a medical facility to treat him. (*Id*.) He was then taken the Ruby Memorial Hospital and had emergency surgery on his shoulder. (*Id*.) Mr. Holt was released from custody on December 20, 2016. (*Id*.)

Primecare filed its motion to dismiss on June 1, 2017. (ECF No. 6.) Mr. Holt responded to that motion on June 29, 2017, (ECF No. 10), and Primecare filed its reply in support of the motion on July 7, 2017, (ECF No. 14). Mr. Holt filed a supplement to his response on August 15, 2017. (ECF No. 20.) WVRJCFA filed their motion to dismiss on June 30, 2017, (ECF No. 12), and Mr. Holt responded to that motion on July 28, 2017, (ECF No. 16). WVRJCFA filed their reply on August 11, 2017. (ECF No. 19.) As such, both motions to dismiss are fully briefed and ripe for adjudication. Mr. Holt filed a Motion for Leave to File Amend Complaint on February 28, 2018. (ECF No. 21.) Defendants have yet to file a response, as the time for response has not yet run, however the Court will nonetheless proceed to disposition.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

#### A. Primecare's Motion to Dismiss

Primecare's motion argues that Mr. Holt's claims must be dismissed on the basis of three grounds: (1) Mr. Holt's allegations regarding his medical treatment do not meet the legal threshold for a viable civil rights claim under the 8th Amendment; (2) Mr. Holt's claim must be dismissed

4

because he failed to exhaust his administrative remedies; and (3) Mr. Holt has failed to comply with the Notice of Claim and screening Certificate of Merit requirements of the Medical Profession Liability Act ("MPLA"). (*See* ECF No. 7.) With regard to Mr. Holt's civil rights claim under the 8th Amendment, Primecare argues that Mr. Holt has no claim under the 8th Amendment's cruel and unusual punishment protection because Mr. Holt received extensive medical care. (ECF No. 7 at 3–5.) Primecare alleges that there was simply a disagreement between Mr. Holt and Primecare regarding the type and extent of treatment Mr. Holt was to receive for his dislocated shoulder, and that such a disagreement is not a valid cause of action under the 8th Amendment. (*Id*. at 5.) Next, Primecare argues that Mr. Holt failed to exhaust his administrative remedies, thus requiring the claim to be dismissed. (*Id*. at 5–7.) Primecare maintains that, under the West Virginia Prisoner Litigation Reform Act ("WVPLRA"), West Virginia Code § 25-1A-2, an inmate is mandated to exhaust all of the procedures promulgated by the agency before a civil action may be brought. (*Id*. at 5–6.) Primecare argues that Mr. Holt's failure to allege anything beyond filing an internal grievance, such as information contained in the grievance or appeal of the grievance, is insufficient to find that Mr. Holt exhausted his administrative remedies. (*Id*. at 7.) Lastly, Primecare asserts that to the extent Mr. Holt is claiming medical negligence, Mr. Holt is required to follow the Medical Professional Liability Act ("MLPA"), West Virginia Code § 55-7B-1, *et seq*., which Primecare alleges Mr. Holt has failed to do. (*Id*. at 7–10.) Primecare maintains that Mr. Holt has failed to allege in his amended complaint that he complied with the requirements of the MLPA. Primecare argues that such compliance is mandatory before filing suit in federal court, particularly in West Virginia. (*Id*. at 8–9.)

In his response, Mr. Holt first asserts that he has properly pled the elements as required under 42 U.S.C. § 1983. (ECF No. 11 at 5–8.) Mr. Holt argues that the standard of "deliberate indifference" has been met by alleging that Primecare withheld necessary medical care causing Mr. Holt to suffer extreme pain in his shoulder, required Mr. Holt to remove his sling, and punished Mr. Holt for not "fixing" his shoulder himself. (*Id*. at 7–8.) Mr. Holt also alleges that Primecare ignored the seriousness and severity of the injury and complex surgeries that Mr. Holt needed to fix his shoulder. (*Id*. at 8.) With regard to exhaustion of administrative remedies, Mr. Holt argues that, based on Fourth Circuit precedent, an inmate is not required to allege an exhaustion of remedies in order to avoid dismissal. (*Id*. at 8 (citing *Anderson v. XYZ Corr. Health Servs*., 407 F.3d 674 (4th Cir. 2005).) Mr. Holt further maintains that he stated that he filed an internal grievance and it is the defendant's burden to show that the plaintiff did not exhaust his administrative remedies. (*Id*. at 8–9.) Additionally, Mr. Holt argues that he is not an inmate as defined by the WVPLRA, and therefore does not have to exhaust his administrative remedies. (*Id*. at 9.) Lastly, Mr. Holt concedes that the MLPA applies in this case, however Mr. Holt argues that Defendant's reading of the MLPA is too narrow and ignores that MLPA's exception allowing "a plaintiff to file a negligence action against a medical provider without filing a Certificate of Merit." (*Id*. at 9–10.) Mr. Holt argues that due to the impending statute of limitations set to bar the claim, his situation fell under one of the exceptions created by the MLPA, which allows him to file the Certificate of Merit within 180 days[1] of the health care provider receiving notice of the claim. (*Id*. at 10.)

---

[1] Mr. Holt filed a supplement to his response noting that he incorrectly referenced the newest version of the statute under West Virginia law, which gives a plaintiff 180 days to provide a Certificate of Merit. (ECF No. 20.) Under the statute in effect at the time of the filing of Mr. Holt's complaint, West Virginia Code § 55-7b-6(d) only provided 60 days to provide a Certificate of Merit. (*Id*.)

6

In its reply, Primecare reiterates its argument that Mr. Holt's complaint does not meet the high burden of alleging that Primecare acted with deliberate indifference to the medical need because Mr. Holt admits that he received medical treatment on numerous occasions by Primecare. (ECF No. 14 at 2–3.) Primecare further argues that a mere alleged delay in treatment is not enough to constitute a violation of the 8th Amendment unless it causes substantial, serious harm. (*Id*. at 3.) Next, Primecare argues that only persons are subject to liability under 42 U.S.C. § 1983, which provides a private remedy for violations of federal law. (*Id*. at 3–4.) However, Primecare asserts that it is not a person, and therefore not subject to suit under § 1983. (*Id*.) In regard to Mr. Holt's administrative remedies, Primecare reiterates its argument that Mr. Holt did not complete the grievance process and therefore did not exhaust his administrative remedies as required. (*Id*. at 4–5.) Primecare additionally argues that the WVPLRA applies to former, as well as current, inmates, and therefore applies to Mr. Holt. (*Id*. at 4.) Lastly, Primecare argues that Mr. Holt failed to file either a Notice of Claim or Certificate of Merit as required by the MPLA, and even if Mr. Holt were to file one now, it would be well past the deadline.[2] (*Id*. 6–7.)

The Court finds that the Complaint likely sets forth sufficient allegations to plead a § 1983 claim, however the case law is very clear regarding who may be sued under § 1983. Only persons are subject to liability under 42 U.S.C. § 1983. *Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982). This Court has previously found that Primecare Medical, Inc. is not a person subject to suit under § 1983. *Mullins v. Prime Care Med., Inc.*, No. 2:12-cv-05825, 2014 U.S. Dist. LEXIS 40684 (S.D. W. Va., Jan. 27, 2014). "[A] private corporation is liable under § 1983 only when an official

---

[2] Primecare also addresses Mr. Holt's misquoting of the statutory requirement regarding the Certificate of Merit under West Virginia Code § 55-7b-6(d). However, this was addressed by Mr. Holt in the supplemental brief, (ECF No. 20), discussed in footnote 1.

policy or custom of the corporation causes the alleged deprivation of federal rights." *Id*. at *25 (citing *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999)). Yet Mr. Holt fails to allege any such official policies or customs, nor does he present any evidence of such. Mr. Holt merely alleges improper individual treatment, which is not enough to maintain a claim against Primecare. *Cf. Little v. Tygarts Valley Reg'l Jail*, 5:12CV148, 2013 U.S. Dist. LEXIS 152265 at *2 (N.D. W. Va., Oct. 23, 2013) (noting that defendant corporation was not a "person" for purposes of 42 U.S.C. § 1983, and that where there are no allegations against it involving policies or customs of deliberate indifference such entity should be dismissed); *Rowe v. PrimeCare Med. of W. Virginia, Inc.*, CIV.A. 3:04-1246, 2009 U.S. Dist. LEXIS 86037 (S.D. W. Va. Sept. 21, 2009) (Chambers, J.) (finding no liability under section 1983 for defendant corporation where there was no basis for concluding that defendant corporation's involvement extended beyond the fact that it employed health care workers who treated plaintiff). Accordingly, the Court does not find that Primecare is a person subject to liability under 42 U.S.C. § 1983.

B. *WVRJCFA's Motion to Dismiss*

Defendants argue, and Mr. Holt concedes, that Mr. Holt cannot proceed under § 1983 against the West Virginia Regional Jail & Correctional Facility Authority and the WVRJCFA officials in their official capacities. (ECF No. 13 at 3–5; ECF No. 17 at 1–2, 9–10.) However, Mr. Holt maintains that his claims against David A. Farmer, Timothy King, Anthony K. Leonard, and Hansford L. Slater in their individual capacities are still valid. (ECF No. 17 at 10–12.) With regard to the claims involving the individual capacities, Defendants maintain that Mr. Holt's Complaint fails to state a claim for which relief can be granted, that the claims must be dismissed due to qualified immunity, and that Mr. Holt failed to exhaust all administrative remedies. (*See*

8

ECF No. 13.) Mr. Holt argues that he has met the factual elements required under §1983, qualified immunity does not protect the Defendants, and dismissal based on exhaustion of administrative remedies is inappropriate because Mr. Holt is not an inmate as defined by the WVPLRA. (*See* ECF No. 17.)

The Court concurs with the parties' agreement that Mr. Holt cannot proceed with his § 1983 claims against the West Virginia Regional Jail & Correctional Facility Authority and against David A. Farmer, Timothy King, Anthony K. Leonard, and Hansford L. Slater in their official capacities. However, in light of Mr. Holt's Motion for Leave to Amend Complaint, *see infra*, the Court will not address the remainder of Defendant's arguments.

*C. Plaintiff's Motion for Leave to Amend Complaint*

After the Motions to Dismiss were filed, Mr. Holt filed a Motion for Leave to Amend Complaint requesting that the Court allow him to amend the Complaint so that he may be able to "clarif[y] and identif[y] unnamed employees." (ECF No. 21.) Fed. R. Civ. P. 15(a) permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The rule and the precedent of the Supreme Court make it clear that the court should freely allow such motions, unless the movant has acted inappropriately by taking actions such as undue delay or acting in bad faith, or granting such motion would cause undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Mr. Holt alleges that through discovery and investigation, he has been able to identify employees that should be identified in the Complaint. (ECF No. 21 at 3.) Mr. Holt argues that there was no undue delay as these names were unknown to him at the time of filing the Complaint

9

and there will be no undue prejudice because no new claims or legal theories will be involved. (*Id*. at 4.) For good cause shown, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint. (ECF No. 21.) However, granting this motion does not change the Court's analysis that Primecare, the West Virginia Regional Jail & Correctional Facility Authority, and David A. Farmer, Timothy King, Anthony K. Leonard, and Hansford L. Slater in the official capacities are immune from suit.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Primecare's Motion to Dismiss. (ECF No. 6.) The Court **GRANTS IN PART** and **DENIES IN PART** WVRJCFA's Motion to Dismiss. (ECF No. 12.) Specifically, the Court **GRANTS** WVRJCFA's Motion to Dismiss the claims against West Virginia Regional Jail & Correctional Facility Authority and the claims against David A. Farmer, Timothy King, Anthony K. Leonard, and Hansford L. Slater in their official capacities. The Court **DENIES** WVRJCFA's Motion to Dismiss the claims against David A. Farmer, Timothy King, Anthony K. Leonard, and Hansford L. Slater in their individual capacities. The Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 21.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 14, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE